People of the State of Illinois, Plaintiff-Appellee, v. George Johnson, Alias L. C. Johnson, Defendant-Appellant.

Gen. No. 50,102.

First District, Fourth Division.

December 23, 1965.

Marshall A. Patner, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

The defendant was indicted for armed robbery, was tried without a jury in the Criminal Division of the Circuit Court of Cook County, and found guilty. Motions for new trial and in arrest of judgment were denied and the court entered judgment, sentencing the defendant to the Illinois State Penitentiary for a term of five to ten years. An appeal was taken from that judgment to this court.

The defendant here argues that the indictment was invalid since it did not specify time and place other than by stating the date and county of the alleged offense. In support of that contention, defendant cites People v. Blanchett, 55 Ill App2d 141, 204 NE2d 173. In People v. Blanchett (No. 39232) the Supreme Court, however, reversed the holding of the Appellate Court and decided that such specifications are sufficient, in line with this court's conclusions in People v. Petropolous, 59 Ill App2d 298, 208 NE2d 323. In that opinion the Supreme Court also reversed its previous holding in People v. Williams,

30 Ill2d 125, 196 NE2d 483. The indictment in the instant case was proper.

The defendant also argues that the uncorroborated testimony of the complaining witness was inconsistent and improbable, and therefore inadequate to sustain a conviction. The complaining witness testified that he was a high school student who on May 30, 1964, was on his way home from summer employment at Henry's Hamburgers, located at the corner of Madison and Kedzie; that he was at the corner of Madison and Pulaski Streets at about 5:30 a. m., waiting for a bus, with no one else on the street, when the defendant approached him. He had never seen the defendant before. He testified that the defendant pushed a pointed object into his back [which he later identified as a white-handled knife] and told him to walk down Pulaski to an alley. There the defendant took money from the witness' wallet, took his radio, and ran down the alley. The witness testified that he waited for the defendant to get half-way down the alley, then followed him and saw him enter a building. The witness promptly sought a police officer, who testified that the complaining witness accosted him at about 7:00 a. m. The witness brought the officer to the building, and when they were inside, the complaining witness identified the defendant through a partially open door as the person who had robbed him. The police entered the defendant's room, found the money and the radio, and arrested the defendant.

The defendant, on his own behalf, testified that on the morning of May 30, 1964; he had been at a neighborhood club; that he left to go home and saw the complaining witness on the corner of Wilcox and Pulaski; that the complaining witness propositioned him to commit a homosexual act and offered to pay him money; that they went to the defendant's room where they both undressed, but there was no homosexual act; that the complaining

witness had put his radio on a chair, together with $3 which the defendant testified the complaining witness was to pay him.* The defendant testified that the complaining witness dressed and started to leave; the defendant believed he was going to the bathroom. As the complaining witness was leaving he said he wanted his radio, and the defendant told him to leave it until he came back.

Two police officers testified that the complaining witness had told them the story which he told on the stand; that they went to the building where the defendant lived and could see him through a door which was ajar; that the complaining witness identified the defendant as the man who had robbed him; that they went into the defendant's apartment and found the radio and $3.63 on a chair. At that time the defendant was fully dressed.

According to the police officers, the defendant did not tell them the same story he told on the stand about being propositioned by the complaining witness. One police officer testified that the defendant, at the time of his arrest, said that he was not guilty and further said, "This is a kid. All right, here's a sawbuck. Give me five back and get rid of the kid." The police officers also testified that they told him to keep his money. The court found the defendant guilty.

The defendant admitted that he had a record going back to 1950, and that in 1953 he was sentenced to the penitentiary for three to six years for robbery. In 1958 he was again sentenced for five to eight years for armed robbery, and was paroled in 1962. The court entered a sentence of five to ten years in the penitentiary.

■■■■ As it usually is in criminal cases, the evidence is in conflict. It is the duty of the trial court, in a trial without a jury, under those circumstances to determine

---

* The complaining witness testified that the money which he had in his pocket and which he stated the defendant took, was $3.63. When the police came to defendant's room they found on the chair the radio, together with $3.63.

from the testimony of the witnesses before the court, who is telling the truth and the weight to be accorded to the testimony of each witness. This court will not substitute its judgment for that of the trial court where the evidence is merely conflicting. People v. Cullotta, 376 Ill 333, 33 NE2d 601. The finding of the trial court should not be set aside by a reviewing court unless the proof is so unsatisfactory or implausible as to justify reasonable doubt as to the defendant's guilt. People v. Crenshaw, 15 Ill2d 458, 155 NE2d 599.

The judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

DRUCKER and ENGLISH, JJ., concur.