**The People of the State of Illinois, Plaintiff-Appellee, v. Peter Griffin, (Impleaded), Defendant-Appellant.**

**Gen. No. 51,123.**

First District, Third Division.

November 9, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty, Assistant Public Defender, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Richard A. Rinella, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The defendant Peter Griffin and one Richard Depratto were charged with the crime of robbery. They waived their right to a jury trial and were tried by the court. Depratto was acquitted. Griffin however was found guilty and was sentenced to serve from one to ten years in the penitentiary. The sole contention is that the evidence was not sufficient to prove guilt beyond a reasonable doubt. The facts follow.

During the afternoon of May 1, 1964, Isaac Williams, a 76-year-old retired prize fighter, left his apartment and walked across the street to an apartment building at 3833 South Federal Street, Chicago. He entered the automatic elevator on the first floor and pressed the button for the sixth floor. He testified that he was partially turned facing the control panel when the elevator door reopened; that he turned to look and was struck by Griffin. Then, according to Williams, Depratto who had apparently also entered the elevator struck him and knocked him unconscious. Upon regaining consciousness Williams discovered that he had been robbed of a 1923 silver dollar, five quarters, ten dimes, two nickels and some pennies, one alligator wallet, a gold fountain pen and a pair of spectacles.

Depratto lived with his mother Mrs. Katherine Depratto on the 14th floor of the building. She testified that Griffin knocked on her door and asked for a teaspoon, explaining that it was for a fellow who had a seizure on the elevator. She went to the elevator and finding Williams in a pool of blood, immediately returned to her apartment and called the police.

Officer James May responded to the call. He testified that Mrs. Depratto spoke to him in the apartment, pointed out the defendant and codefendant walking down the street and said, "There goes my son and Griffin, the

ones who robbed the old man in the elevator." Officer May and his partner Officer Morton arrested Depratto and Griffin at a poolroom. They searched them and found that each had about 80 cents in change, but neither one had the wallet, fountain pen, spectacles or silver dollar described by Williams.

Officer May testified that outside the poolroom the codefendant Depratto stated that he and the defendant thought the complaining witness was drunk and had fallen; that while trying to assist him to his feet the complainant had hit Depratto in the mouth, and Depratto stated that he had hit him back and would hit anybody who hit him first. Officer May then pointed out Griffin and Depratto. He stated he was mistaken as to which man was Griffin and which was Depratto.

Williams also admitted he was confused as to which man was which. He testified:

> "I talked to somebody in my house in regards to this case, and I said that Depratto was the first man that hit me. But I now know that the man that I thought was Depratto, was really Griffin. I know both of the two men hit me with a biff, baff."

The finding of a trial court in a nonjury case is entitled to great weight because the court is able to observe the witnesses, judge their credibility and determine the weight to be accorded their testimony. People v. Johnson, 65 Ill App2d 361, 213 NE2d 288; People v. Young, 65 Ill App2d 185, 213 NE2d 146. The burden however is always upon the State to prove the defendant guilty beyond a reasonable doubt. Where the State's evidence is improbable, unconvincing and contrary to human experience, judgments of conviction should be reversed. People v. Dawson, 22 Ill2d 260, 174 NE2d 817.

In the instant case the court acquitted Depratto and convicted Griffin. In its brief the State says:

"It is quite obvious from the testimony of the victim that he was struck almost simultaneously by the two defendants. The judge, as trier of the fact, was convinced that both defendants played a part in beating and robbing the victim."

 It appears that additional evidence was offered in defense of Depratto, but this evidence does not appear in the record. Even so, there is no plausible reconstruction of the State's case which would support the finding of not guilty as to Depratto and guilty as to Griffin. The judgment must be reversed.

Judgment reversed.

SULLIVAN, P. J. and DEMPSEY, J., concur.