THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *v.* CHARLES ETHRIDGE, Appellant.

(No. 54111; )

First District—January 21, 1971.

Gerald W. Getty, Public Defender, of Chicago, (James B. Haddad, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (George Pappas, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Charles Ethridge and three co-defendants were indicted for burglary. They waived a jury trial. Two were found guilty and two not guilty. Ethridge was one of those found guilty and he was sentenced to a term of not less than two nor more than four years in the penitentiary.

On April 6, 1968, in several areas in the City of Chicago, crowds of people gathered on the streets. Many buildings were set on fire and many retail stores were looted. Among the latter was a ladies' wear shop at 135 North Kedzie Avenue. A crowd, estimated as high as 200, milled about the store and its front windows were smashed. People entered and came out with their arms laden with merchandise. Twelve policemen converged on the scene and arrests were made.

Officers Patrick McCafferty and Walter Zic arrested Ethridge. McCafferty saw him in the store and saw him come out, his hands full of dry goods.

Zic testified that he saw Ethridge in the store and saw him emerge carrying what appeared to be towels. When Ethridge saw the police he dropped what he was carrying and started to walk away. Zic apprehended and searched him. Two bottles of perfume were found in his

pockets. Zic did not attempt to recover the dry goods Ethridge dropped —the sidewalk was filled with such articles and with debris and broken glass.

Ethridge testified that he and a friend were walking along Kedzie Avenue. When they arrived in front of the store they became separated in the crowd. As he continued to walk he heard the windows break and jumped up and down to see, over the heads of the crowd, what was happening. He denied entering the store or having any of its merchandise in his possession.

He was found guilty.

Of the three men tried with Ethridge, our interest centers on one co-defendant, Willie Hampton. Officers Zic and McCafferty also testified against him. Zic said that he saw Hampton coming out of the store at the same time as Ethridge with two boxes in his hands. McCafferty was close enough to Hampton to see that the boxes contained stockings, handkerchiefs and some small items. While Zic and McCafferty seized Ethridge another policeman, William Harrington, caught the fleeing Hampton after chasing him for a block.

Officer Harrington testified that he saw Hampton come out of the store with boxes in his possession. When Hampton saw the police he dropped the boxes and started running. Harrington pursued him and placed him under arrest. He then went back to a box Hampton had dropped and found that it contained ten pairs of nylon stockings.

Hampton testified that Kedzie Avenue was full of people as he passed the store on his way to an elevated station. He noticed that its windows were broken and saw children running in and out. When squad cars pulled up and policemen charged the crowd with nightsticks in their hands, he did what everyone else did, he started running.

He was found not guilty.

The court did not state its reasons for convicting Ethridge and acquitting Hampton, so we have no explanation for this contradictory result. The evidence against Hampton was stronger than that against Ethridge. Three policemen, Zic, McCafferty and Harrington, saw Hampton come out of the store; only two, Zic and McCafferty, saw Ethridge. The three policemen saw Hampton carrying merchandise; only two saw Ethridge with goods in his hands. The stockings Hampton dropped were identified as part of the store's merchandise; the perfume found on Ethridge was not. Hampton's credibility was impeached by the introduction of a prior burglary conviction. Ethridge's credibility was not impeached.

The court's conflicting conclusions call into question the credibility of the State's witnesses and raise serious doubts of the sufficiency of the State's evidence. In finding Ethridge guilty the court accepted the testi-

mony of Zic and McCafferty; in finding Hampton not guilty the court rejected their testimony. If Zic and McCafferty were not to be believed when they testified against Hampton, they were not to be believed when they testified against Ethridge.

The discharge of Hampton casts a reasonable doubt upon Ethridge's guilt. This, and even-handed justice, require a reversal of his conviction.

Judgment reversed.

McNAMARA, P. J., and SCHWARTZ, J., concur.