THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* AARON MERRITT, Defendant-Appellant.

(No. 57736;

First District (4th Division)—November 28, 1973.

James J. Doherty, Public Defender, of Chicago (Harold A. Cowen, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Barry Rand Elden, and William G. McMaster, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant, Aaron Merritt, along with the codefendant, Richard Franklin, was indicted for the crime of attempted armed robbery. Codefendant Franklin was acquitted. Defendant Merritt was found guilty and sentenced to a term of from two to six years in the Illinois State Penitentiary.

The issues presented on appeal are: (1) whether there was reasonable doubt as to defendant's guilt, where the codefendant was found not guilty in a joint trial; (2) whether the court erred in restricting cross-examination as to past arrests of complainants; (3) whether the court erred in failing to grant a severance *sua sponte;* and (4) whether there was prejudicial error in the prosecutor's closing argument.

On July 21, 1971, complaining witness Doke was driving through an alley behind 7719 Calumet, Chicago, Illinois, with complaining witness Thigpen as his passenger. They encountered a 1965 Dodge being driven in the opposite direction by the defendant, Aaron Merritt. Merritt had a passenger in the front seat. Identification of the passenger was contradicted. Merritt testified it was one "Smitty," but both complaining witnesses said it was codefendant Franklin. According to the complainants, defendant Merritt demanded money as codefendant Franklin pointed a pistol at them. Complainants then drove out of the alley onto the street. They were followed for several blocks by defendant Merritt and his passenger. Upon spotting a police car, the complainants stopped and explained the situation to the police officer. The police officer, along with the complainants, immediately gave chase to the defendant's car. Several blocks away defendant's car was discovered. It was parked, with nobody in it. The police officer searched the car, discovering a wallet

with defendant Merritt's identification and a loaded .38 caliber pistol under the front seat. Codefendant Franklin was arrested the same day as the crime, upon identification by both complainants. Defendant Merritt was arrested on July 26, 1971. He was identified by both complainants, independently, in a police line-up. In a joint trial, codefendant Franklin was acquitted by a jury, while defendant Merritt was found guilty of attempted armed robbery.

The defendant contends that a reasonable doubt as to the codefendant compels a reasonable doubt as to defendant's guilt because the two men were indissolubly connected by the State's evidence. In support of this contention the defendant relies primarily on the decision in *People v. Griffin* (1967), 88 Ill.App.2d 28, wherein the Appellate Court reversed Griffin's conviction in the face of an acquittal for the codefendant.

■■ We do not agree with the defendant's contention. A thorough review of the record indicates the identification evidence differed greatly as to the defendant and the codefendant. The defendant admitted driving his car in the alley and confronting the two complainants. He admitted he had a gun in the car. He admitted following the complainants. As the two cars passed each other in the alley, the opportunity to observe the defendant was better than as to his passenger. In contrast to the strong evidence against the defendant, the identification of the codefendant was controverted. The identification rested solely upon the testimony of the two complaining witnesses. The defendant testified that one "Smitty," not codefendant Franklin, was with him on the date of the crime. The presumption of innocence was never overcome in the jury's opinion as to codefendant Franklin, whereas the jury had no doubt as to the defendant's guilt. In *People v. Hairston* (1970), 46 Ill.2d 348, the Supreme Court held that where verdicts inconsistently acquit the convict of separate crimes arising from the same act, the courts have followed the view that logical consistency in verdicts in such instances is not necessary, so long as the verdicts are not legally inconsistent. In the instant case the acquittal of codefendant Franklin is not legally inconsistent with the finding of guilty as to the defendant.

The defendant further contends the court erred in restricting cross-examination as to past arrests of the complainants. He cites the cases of *People v. Beard* (1966), 67 Ill.App.2d 83, and *People v. Soto* (1965), 64 Ill.App.2d 94, wherein convictions were reversed where the trial court restricted cross-examination of a witness.

■■ The defendant's contention is not well taken. In *Beard* and *Soto* the court recognized the general rule that arrests may not be used for impeachment, but may be used against a witness presently charged with crime to show a bias on the part of the witness. The defendant made no

mention of bias or a potential threat from any pending charges in the instant case. The record indicates the arrest question was for the purpose of impeaching the complainant. Such questioning is improper. In *People v. Baltimore* (1972), 7 Ill.App.3d 633, the court stated that a mere arrest cannot be used for impeachment. The court in the instant case properly restricted cross-examination as to past arrests of the complainants.

The defendant contends that the court erred in failing to grant a severance *sua sponte*. In support of this contention the defendant relies primarily on the decision in *People v. Burbank* (1972), 53 Ill.2d 261, wherein the court held that where a codefendant did not testify and codefendant's confession was admitted, the defendant had a right to severance.

■■ We believe there was no reason for severance in the instant case. In *People v. Rhodes* (1969), 41 Ill.2d 494, the Supreme Court held that to obtain a severance, a defendant must demonstrate prior to trial how he would be prejudiced. In the case at bar, no pretrial severance petition was filed by the defendant. The record shows no motion for severance or denial of such a motion. The defendant's post-trial motion failed to complain of denial of a severance motion or petition. The defendant and the codefendant were properly tried together.

The defendant's final contention is that the prosecutor committed prejudicial error in his closing argument. The defendant contends the prosecutor made an improper personal attack on defense counsel when the prosecutor commented to the jury, "Don't get caught in the smoke screen."

■■ Read in its context in the closing argument, the prosecutor's comment was not prejudicial error. In *People v. Palmer* (1970), 47 Ill.2d 289, the prosecutor's comment that counsel "* * * was attempting to raise a smoke screen" was held not to be prejudicial error. We believe no prejudicial error was committed by the prosecutor in any of his closing comments.

For the reasons stated herein, the judgment of the Circuit Court is affirmed.

Affirmed.

BURMAN, P. J., and JOHNSON, J., concur.