THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HOWARD E. SMITH (Impleaded), Defendant-Appellant.

(No. 59568; )

First District (4th Division)—December 11, 1974.

James J. Doherty, Public Defender, of Chicago (John M. Kalnins and John X. Breslin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Zachary L. Stanger, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

The defendant, Howard E. Smith, and two others, Cornell Reynolds and Tommy Williams, were tried in a bench trial in the Circuit Court of Cook County for the offenses of battery and theft of property valued at less than $150. At the close of the State's evidence the battery charges were dismissed as to all three defendants. Following the presentation of defendants' evidence the court found Williams and Reynolds not guilty of theft, but found Smith guilty and sentenced him to serve a term of 90 days in the House of Correction. Defendant Smith appeals.

At trial, the State's first witness was Edward Thompson. At approximately 11 P.M. on September 5, 1972, he left the apartment at 5801 S. Morgan, Chicago, Illinois, which he shared with his brother Floyd. He had been drinking that evening and left to continue drinking. He stated that he returned to the apartment at about 1 A.M. and his next recollection was being treated for injuries apparently caused by a beating. When he was released from the hospital he returned to the apartment and discovered that several items, including a color television, a floor fan, and a tape player were missing. At this point in the trial ownership of the fan and tape player by Floyd Thompson and the fact that they were later found in the car with defendants was stipulated to. It was also stipulated that the value of the items was less than $150.

The next witness was Officer Lindsey, Chicago Police Department. He testified that at about 1 A.M. on the evening of September 5-6, 1972, he received a radio message and as a result, minutes later observed a dark-colored Chevrolet having a license number beginning with the letters "VG." The car was parked in front of a tavern on 59th Street and Halsted, approximately a half mile from the Thompsons' apartment. When he first saw the car nobody was in it, though he did see a television set in the trunk. Officer Lindsey drove down the street, turned his car around, and pulled in behind the Chevrolet. At this time all three defendants were in the car. The floor fan and tape player were in the back seat. Defendants Williams, Reynolds, and Smith were then arrested by Officer Lindsey.

The only other witness to testify for the State was Carl Lee Smith.

Between 12:30 and 1 A.M. that evening he returned to his apartment across the street from the Thompsons' apartment. He testified that he saw two men emerge from 5801 S. Morgan, running and carrying something. The objects were placed in a "black-looking" Chevrolet. He could not make out the entire license number but was able to read the first two letters—"VG." A woman across the street called the police who arrived a few minutes later.

Defendant Howard Smith, testifying in his own behalf, stated that he had borrowed his brother's dark-blue Chevrolet about 9 P.M. on September 5, 1972. The first two letters of the car's license plate were "VG." He claimed that he and Cornell Reynolds had met a man named James Hawkins near a gas station at 59th and Peoria. Hawkins explained that he had just had a fight with his wife and had left her, taking a television set, a floor fan, and a tape player. The goods were loaded into the car by two of Hawkins' friends, and Hawkins got into the car. Smith let Hawkins drive, and Hawkins offered to buy Smith and Reynolds a drink for their help. They stopped at the tavern where Officer Lindsey later observed the car. About a half-hour later Smith and Reynolds, now accompanied by Tommy Williams whom they had met in the tavern, went out to the car where they were arrested by Officer Lindsey. Smith said that the officer did not give him a chance to explain how the items got into the car or the fact that Hawkins was still in the tavern.

Tommy Williams testified that he had been in the tavern all day and left with Reynolds and Smith at the time Smith stated since they offered to drop him off at a friend's house. He entered the car and was arrested by Officer Lindsey. He said that he did not see the items in question in the back of the car.

Cornell Reynolds was the last to testify. His account of the events that evening was generally the same as that given by Howard Smith. However, he himself did not know Hawkins or remember what he looked like though he said Smith apparently did. He also stated that he did not know what time they had started out that evening and that, contrary to his testimony, Howard Smith had driven the car the entire evening.

■■ Defendant Smith's sole contention on this appeal is that the trial court's findings of guilty as to him and not guilty as to Cornell Reynolds were so inconsistent as to create a reasonable doubt regarding his (Smith's) guilt. Recent, exclusive, and unexplained possession of stolen property may of itself raise an inference of guilt sufficient to authorize a conviction in absence of any other evidence which would create a reasonable doubt as to defendant's guilt. (See *People v. Whittaker*, 45 Ill.2d 491, 259 N.E.2d 787, for a thorough discussion.) Citing *People v. Reynolds*, 27 Ill.2d 523, 190 N.E.2d 301, defendant concedes that possession

may be joint among persons and still be exclusive, as contemplated above. It is defendant Smith's argument that all three defendants explained their possession by "equally plausible and inter-corroborating testimony" and that since his explanation and that of defendant Reynolds consisted of "exactly the same facts" that the finding of guilty as to him alone was inconsistent. We do not agree.

■■ At this court has noted on innumerable occasions, it is for the trier of fact, whether judge or jury, to determine credibility of witnesses and to weigh testimony. "Where the truth lies, in any debatable set of circumstances, is a matter peculiarly for the determination of the trier of fact * * *." (*People v. Woods*, 26 Ill.2d 582, 585, 187 N.E.2d 692.) We will not set aside such a determination unless the proof was so unsatisfactory or implausible that a reasonable doubt as to defendant's guilt remains. If *exactly* the same facts or testimony was presented at trial relating to defendants Reynolds and Smith, we would agree that the verdicts would be inconsistent and that a reasonable doubt as to defendant Smith's guilt would still exist. However, such is not the case.

To begin with, the State as always had the burden of proving each defendant's guilt beyond a reasonable doubt. This does not mean that the trial judge necessarily found the testimony of the two defendants he found not guilty to be true. The State introduced testimony sufficient to show that the vehicle defendant Smith was driving that evening was in front of the Thompson apartment and that several men loaded some goods into it. It was stipulated that these goods, the property of Floyd Thompson, were later found in defendant Smith's car while that car was occupied by all three defendants.

Carl Lee Scott could not identify the two men he saw run from the Thompson apartment. Tommy Williams testified that he had been in the tavern all evening and left with the other two defendants after they entered for a drink later that evening. He further stated he was unaware of the existence of the stolen property and did not see it when he got in the car. The fact that he had not been with the others prior to the time they left the tavern was corroborated by Reynolds and Smith. It was quite proper for the trial judge to find that the State's burden had not been met in regard to defendant Williams.

Defendant Reynolds' story does not wholly support that of Howard Smith. He was not sure of exactly when he had joined Howard Smith that evening, and he did not know the man who, it was claimed, put the items in the car. He did state that Howard Smith knew the man and that Smith had driven the car all evening. His testimony was not then, as claimed in the brief, exactly as that of defendant Smith, nor was his status the same.

■■ The evidence showed that defendant Smith was in effective control of the car which Carl Lee Scott saw in front of the Thompson apartment and into which he saw two men put some objects. These stolen items were later recovered from this car. When considering the effect of the inference resulting from the recent and unexplained possession of stolen property, the status of a passenger has been distinguished from that of the driver on the basis of the driver's control of the car and its contents. (See *People v. Evans*, 24 Ill.2d 11, 179 N.E.2d 657.) In the instant case, the evidence proved beyond a reasonable doubt that defendant Smith was the driver and in effective control of the car and its contents that evening and guilty of theft, but did not prove beyond a reasonable doubt that defendant Reynolds was anything except a passenger in the vehicle when he was arrested. Again, this does not mean that the trial judge accepted all of Reynolds' testimony, but rather that the State failed in its burden of proof regarding him.

The fact situation in the instant case can be distinguished from those presented in the two cases cited in defendant's brief. In *People v. Griffin*, 88 Ill.App.2d 28, 232 N.E.2d 699, the State introduced the testimony of the victim that both men struck him. The evidence and identification was no stronger or different as to one defendant or the other, and as a result, the reviewing court could find no basis upon which the jury could find one guilty and not the other. In *People v. Ethridge*, 131 Ill. App.2d 351, 268 N.E.2d 260, the State's case consisted of the eyewitness testimony of the arresting officers. The question in *Ethridge* was the opposite of that in the instant case. The testimony of the State's witnesses had to be credible to establish a defendant's guilt beyond a reasonable doubt. If it was not considered credible as to one defendant then a reasonable doubt could be said to exist as to all. In the instant case, the testimony of Carl Lee Scott and Officer Lindsey was not rendered less credible by the finding of guilty as to one defendant and not the other two, since these findings did not in any way serve to contradict the testimony presented by these witnesses.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and JOHNSON, JJ., concur.