**The People of the State of Illinois, Plaintiff-Appellee, v. Herbert Martin, Defendant-Appellant.**

**Gen. No. 50,505.**

First District, Fourth Division.

September 13, 1966.

Rehearing denied October 5, 1966.

Jason E. Bellows, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Klein, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

CHARGES

Unlawful sale of narcotic drugs and conspiracy to sell same.

JUDGMENT

After a jury verdict finding defendant guilty on both charges, the court entered judgment on the charge of unlawful sale and sentenced defendant to a term of fifteen to thirty years.*

---

\* His codefendant, Dewright Baxter, was given a life sentence. In an opinion filed concurrently that conviction was reversed and

POINTS RAISED ON APPEAL

(1) It was error to permit one of the State witnesses to testify because his name had not been furnished to the defense in an oral list of witnesses.

(2) It was further error for the court to refuse to compel the witness to answer defense counsel's questions after the court had given the defense permission to interrogate the witness prior to the time he took the stand.

(3) The sentence is excessive.

OPINION

(1) After a timely motion by the defense for a list of the State's witnesses, the State provided the defense with an oral list of witnesses that did not include the name of Robert Buonauro, an informer. At the trial the State offered Buonauro as a witness, and, over defendant's objection, the court indicated that the witness would be permitted to testify. However, the defense was given a period of time to interrogate Buonauro prior to his taking the witness stand. Following this period of interrogation, defense counsel reported to the court that Buonauro had refused to answer his questions and that the court should therefore compel him to do so. The court refused.

██ ██ It has been consistently held that discretion reposes in the trial court to permit witnesses to testify notwithstanding the absence of their names in the list of witnesses furnished by the State, and that, unless defendant can show that he has been prejudiced by surprise or otherwise, the trial court's exercise of this discretion will not be disturbed. People v. Poland, 22 Ill2d 175, 184, 174 NE2d 804; People v. Weisberg, 396 Ill 412, 71 NE2d 671; People v. Hopkins, 29 Ill2d 260, 266, 194 NE2d 203; People v. Webb, 60 Ill App2d 365, 375, 376, 208 NE2d

remanded on account of trial error as to Baxter only. (Case number 50506).

639; People v. Brown, 68 Ill App2d 17, 25, 214 NE2d 465. Defendant recognizes this principle as announced in the line of cases referred to, but points out that all of these cases were decided under the law as it existed prior to adoption of the Code of Criminal Procedure of 1963. The old statute (Ill Rev Stats (1961), c 38, § 729) provided in pertinent part:

> Every person charged with treason, murder or other felonious crime, shall be furnished, previous to his arraignment, with a copy of the indictment or the information, as the case may be and a list of the jurors and witnesses.

It is argued that the new code (Ill Rev Stats (1963), c 38, § 114–9) has provided for the only situations in which an unlisted witness may be permitted to testify and that a general discretion in this regard no longer reposes in the trial court. The present statute provides in part:

§ 114–9. Motion for a List of Witnesses.

(a) On motion of the defendant the court shall order the State to furnish the defense with a list of prosecution witnesses and their last known addresses.

(b) The court may permit witnesses not named in an original or amended list to testify when the name of the additional witnesses were not known and could not have been obtained by the exercise of due diligence prior to trial.

Defendant's position is that, since there was no showing by the State that the facts in the instant case fell within the exceptions of subsection (b), the trial court was without authority to permit Buonauro to testify. We do not share defendant's strict interpretation of this subsection. There is nothing about the form in which the

434

new provision has been drafted which persuades us that defendant no longer need prove that he has been prejudiced by the failure to list a proffered witness. This condition of prejudice is absent from the new statute, to be sure, but it was also absent from the old statute. The requirement that prejudice be shown represents case law interpretation of the intent of the legislation to the end that the purpose of the law might be accomplished within the bounds of sensible administration of criminal justice. We believe that this salutary principle has not been negatived by the portion of the new code relied on by defendant. In this we share the conclusion of the code's drafting committee whose comments indicate that the subsection was intended merely as a codification of prior law. See the Committee Comments to SHA c 38, § 114–9:

> The purpose in requiring the State to furnish the accused with a list of witnesses is to prevent surprise and to combat false testimony. . . .
>
> Subsection (b) is in accordance with existing case law. (See People v. Weisberg, 396 Ill 412, 71 NE2d 671 (1947).)

■ It is our opinion that the trial court had discretion to permit Buonauro to testify. His name had been endorsed on the indictment (copy of which had been furnished to defendant at arraignment) and the record does not support defendant's claim of surprise. On the contrary, the record shows that defense counsel was given Buonauro's name by the Assistant State's Attorney some time after submission of the oral list of witnesses but still prior to trial. We conclude that the trial court acted within its proper discretion in permitting Buonauro to testify under these circumstances.

■ (2) Defendant also complains of the trial court's refusal to compel Buonauro to answer questions asked by defense counsel during the time allotted for

435

that purpose prior to the taking of the witness' testimony. We have not been referred to any law or rule supporting the authority of a trial court to force an unwilling witness to answer questions put to him prior to the time he takes the witness stand. The legislature has provided that "[d]iscovery procedures in criminal cases shall be in accordance with Supreme Court Rules." Ill Rev Stats (1963), c 38, § 114–13. Since the Supreme Court has not promulgated any rules of discovery in criminal cases, no means were available to the trial court to compel the witness to answer defense counsel's questions, even if the court had been so minded. Mr. Justice Brennan's cogent argument (cited by defendant and published in 33 FRD 56, 57) in favor of liberalization of criminal discovery procedures can be acted upon by this court in neither a judicial nor a rule-making capacity.

■ ■ (3) Defendant's final contention that his sentence was excessive is based on the fact that he had never before been convicted for the sale of narcotics. At the time of trial defendant was 30 years old. Despite his youth, the record discloses five convictions for petty larceny dating from 1953, two convictions for theft of interstate shipment, one for malicious mischief, and two for other narcotics-related offenses. All of defendant's prior criminal record was properly subject to consideration by the trial judge in determining an appropriate sentence, and not just offenses similar in nature to the most recent crime of which defendant stands convicted. The trial court had the authority to impose a sentence within the range of ten years to life. Ill Rev Stats (1963), c 38, § 22–40. On the state of this record, we cannot say that a sentence of fifteen to thirty years was excessive punishment. People v. Miller, 33 Ill2d 439, 444, 445, 211 NE2d 708; People v. Colson, 70 Ill App2d 447, 217 NE2d 348.

DECISION

The judgment and sentence of the Circuit Court are affirmed.

Affirmed.

DRUCKER, P. J. and McCORMICK, J., concur.