THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TOM DICKERSON, Defendant-Appellant.

(No. 72-214;

Second District—March 6, 1974.

GUILD, P. J., specially concurring.

Welsh, Holmstrom, Hyzer, Jacobson & Worden, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant was sentenced to 1 year probation after a jury found him guilty of violating section 16—1(d)(1) of the theft statute (Ill. Rev. Stat. 1971, ch. 38, § 16—1(d)(1)) which states that a person commits theft when he knowingly:

> "(d) Obtains control over stolen property knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen, and
>> (1) Intends to deprive the owner permanently of the use or benefit of the property;  *  *  *."

The indictment, as drawn, recites that defendant:

> "*  *  *  committed the offense of Theft, in that he, knowingly obtained control over stolen property; (naming and describing certain snowmobiles) having a value exceeding One Hundred Fifty Dollars ($150.00), said property being the property of Arctic Enterprises, Inc., a corporation, under such circumstances that would reasonably induce him to believe that the property was stolen and thereby intending to deprive the said Arctic Enterprises, Inc., a corporation, permanently of the use or benefit of said property, in violation of Paragraph 16-1d, Chapter 38,  *  *  *."

While many contentions of error have been raised, only one issue need here be addressed. The defendant does not attack section 16—1(d) per se as unconstitutional, but claims that he was denied due process of law by the manner in which the section was applied to him in the indictment; that by utilizing a partial verbiage of section (d), the indictment failed to charge him with the essential elements of the offense (or, stated differently, that the indictment should have included the phrase "knowing the property to have been stolen by another"). The State's position is that the fundamental elements of theft are present, *i.e.*, that the defendant knowingly received stolen property and intended to permanently deprive the owner of its use or benefit.

Committee Comments (S.H.A. ch. 38, § 16—1) state:

> "While *the method* by which unauthorized control is obtained or exerted is immaterial in subsection (a), and probably, in conjunction with one of the subsections (1), (2), or (3), would cover all forms of theft, the Committee felt that such extreme codification might be too concise, and possibly create some problems of application, in view of the large body of statutory material and offenses it is intended to replace. [Subsection (d) was] added, therefore, to cover specifically situations which, at first,

glance, might be considered not covered by subsection (a). Such situations include * * * receiving stolen property * * *."

Prior to 1967, section 16—1(d) read, "* * * obtains control over stolen property knowing the property to have been stolen by another * * *." Since actual knowledge is rarely susceptible of direct proof, case law developed the rule that guilty knowledge could be established by proof of circumstances which would induce belief, in a reasonable mind, that the property had been stolen (*People v. Grodkiewicz*, 16 Ill. 2d 192, 197 (1959)). In 1967, the legislature codified this case law by adding to section 16—1(d), "* * * or under such circumstances as would reasonably induce him to believe that the property was stolen."

■■ The nature of the crime here is receiving stolen property (theft). The essential elements of the crime *as here charged* are: (1) that the property has, in fact, been stolen by a person other than the one charged with having received it, (2) that the one charged with receiving it has actually received the property stolen or aided in concealing it, (3) that the receiver knew the property was stolen at the time of receiving it, and (4) that he received the property for his own gain or to prevent the owner from again possessing it. *People v. Stewart*, 20 Ill.2d. 387, 392 (1960).

We are aware that by utilizing the language of section 16—1(a) in combination with any of the subsections (1), (2) or (3), an indictment validly charges "receiving stolen property". (*People v. Marino*, 44 Ill.2d 562, 576 (1970).) Under that section, only two elements need be charged and proved. In the instant case, however, the State did not elect to charge the defendant under section (a), rather chose section (d), but then employed only a portion of that section. By its election, it became necessary for the indictment to set forth all of the essential elements requisite to section (d).

We find that the verbiage of the 1967 amendment is insufficient to infer that the property was stolen by another, and that the amendment's language is intended merely as a restatement of the phrase, "knowing the property to have been stolen." Thus, under our reading of the statute, we conclude that essential element No. 2 is satisfied by the indictment's verbiage, "knowingly obtained control over stolen property"; element No. 3 is satisfied by the words, "under such circumstances as would reasonably induce him to believe the property was stolen"; and element No. 4 is satisfied by establishing that he was "intending to deprive [the owner] permanently of the use or benefit of such property." The indictment does not accommodate element No. 1, for nowhere is it alleged that the property was stolen *by another*.

■■ It is jurisdictional that if a criminal conviction is to be upheld,

the indictment must charge a crime (*People v. Edge*, 406 Ill. 490, 494-495 (1950); *People v. Harris*, 394 Ill. 325, 327 (1946)), and must contain the nature and elements of the offense in order that the defendant may fully prepare a defense and be afforded the constitutionally intended protection against double jeopardy. (*People v. Griffin*, 36 Ill.2d 430, 432-433 (1967).) In the instant case, the indictment, drawn upon the conclusional premise that the property was stolen, fails to allege that it was stolen by a person other than the one charged with receiving such property and, by this omission, creates the presumption that the possessor stole the property himself. Since one person cannot be both the thief and the receiver of stolen property nor receive stolen property from himself, the fact that the property received was stolen by another was an essential element to be alleged and proved. (*People v. Ensor*, 310 Ill. 483, 484-485 (1923); *People v. Dalke*, 336 Ill. 446, 448-449 (1929); *People v. Harris*, 394 Ill. 325, 329-330 (1946); *People v. Devore*, 402 Ill. 339, 341-342 (1949); *People v. Malone*, 1 Ill.App.3d 860, 863-864 (1971).) Lacking this element, the indictment failed to charge the offense of receiving stolen property under section 16—1(d). A conviction under an indictment which does not charge an offense is void. *People v. Edge*, 406 Ill. 490 (1950).

The judgment is, therefore, reversed.

Judgment reversed.

SEIDENFELD, J., concurs.

Mr. PRESIDING JUSTICE GUILD specially concurring:

I concur in the result reached in the opinion by my learned brethren but do not agree with the reasons expressed therein.

I feel that the majority has misconstrued the efficacy of section 16—1(d) in arriving at a conclusion not urged by the defendant. The omission of the words "stolen by another" in the indictment does not create the presumption that defendant had himself stolen the property from the owner. The use of the words "*     *     * knowingly obtain control of stolen property     *     *     * under such circumstances that would reasonably induce him to believe that the property was stolen     *     *     *"* (emphasis added) in the indictment clearly implies that when defendant obtained control of the property in question (in any manner whatsoever), the property had already been stolen by another. That is the plain and ordinary meaning of the indictment.

I believe the majority may be confusing what can and cannot be reasonably implied from evidence introduced at trial with what may be implied from the clear phrasing of the indictment. At trial it is not

enough for the prosecution to merely show that the property in question was stolen property and that the defendant was in possession of that property in order to prove the offense of theft under 16—1(d) (the former offense of receiving stolen property). (*People v. Baxa* (1972), 50 Ill.2d 111, 277 N.E.2d 876.) The defendant's unexplained possession of stolen property soon after a theft is evidence that the defendant stole the property himself but is not evidence of defendant's receiving stolen property knowing it to have been stolen. (See *People v. Malone* (1971), 1 Ill.App.3d 860, 275 N.E.2d 236, and the cases cited therein.) However, the phraseology of the indictment herein permits a reader of the indictment to find, even after only a cursory reading, the necessary elements of the offense, *i.e.*, that the property was already stolen by another when the defendant received it.

While it may be true that the addition of the words "stolen by another" would make the indictment more explicit, the addition of these words would only be grammatically redundant and mere surplusage legally.

The indictment, therefore, was sufficient to charge the defendant with an offense under 16—1(d)(1).

After a thorough examination of the record, I do not believe that the evidence produced at trial was sufficient to find the defendant guilty beyond a reasonable doubt. For this reason I, too, would reverse the defendant's conviction.

## SUPPLEMENTAL OPINION

Mr. PRESIDING JUSTICE T. MORAN, delivered the supplemental opinion of the court:

We allowed the State's petition for rehearing in which it is claimed that our opinion "seems to revert to the strict technical requirements of pleadings of a bygone day." The rule of law, established by our legislature, is that "a charge shall * * * allege the commission of an offense by: * * * setting forth the nature and elements of the offense charged." (Ill. Rev. Stat. 1973, ch. 38, § 111—3(a)(3); see also U.S. Const. amend. VI and Ill. Const. (1970), art. I, § 8.) In considering the sufficiency of a charge, the courts have established a judicial guideline that finds a charge sufficient if it " 'states specifically the elements of the offense with sufficient particularity to apprise the accused of the crime charged and to enable him to prepare his defense and permit a conviction or acquittal to be pleaded in bar of a subsequent prosecution for the same offense * * *.' " (*People v. Grieco*, 44 Ill.2d 407, 409 (1970).) The judicial guideline does not replace the legislative mandate but is instead a result

of the mandate. Our opinion is a reaffirmation of the legislative mandate with due regard to the judicial guideline and it in no way alters the requirements of either.

The petition further asserts that we erred by finding that the nature of the crime here is receiving stolen property. Citing *People v. Marino,* 44 Ill.2d 562, 576 (1970), the State claims that such crime no longer exists in Illinois. (That argument, however, is based upon semantics rather than substantive law; *c.f., People v. Baxa,* 50 Ill.2d 111 (1971), a more recent case involving some of the necessary elements under section 16—1(d) (1).) *Marino* did not eliminate the crime of receiving stolen property. It held that "the conduct specifically proscribed in subsection (d), often termed 'receiving stolen property', is not a separate offense in Illinois. It is included within subsection (a) * * *." *Marino* did not address the question of whether an indictment drawn under subsection (d) was sufficient to charge a crime under subsection (a).

The State correctly sets forth that under section 16—1(a) the essential elements of theft are only that the defendant knowingly obtained or exerted unauthorized control over the property of the owner and that he intended to deprive the owner permanently of its use or benefit. From this basis, the State progresses to the conclusion that if the words of the indictment herein are sufficient to charge a crime under section 16—1(a) (1), the indictment is legally sufficient and any additional language (with reference to section 16—1(d)(1)) can be treated as surplusage.

Comparing the language of section 16—1(a)(1) and the instant indictment, we find that the word "unauthorized" is missing from the latter. (In *Marino,* where the charge under (a) was held to include (d), the word "unauthorized" was in the indictment.) We are aware of but disagree with cases in which the actual thief has been charged with theft and the word "unauthorized" has been viewed as not so essential that its absence would render the indictment void. (*People v. Geary,* 8 Ill.App.3d 633, 634-35 (1972); *People v. Hayes,* 133 Ill.App.2d 885, 887 (1971); *People v. Wade,* 131 Ill.App.2d 415, 417-19 (1970).) Unless an indictment alleges that the conduct of the one charged is "unauthorized," a citizen, who by legal means obtains control over the property of the owner and intends to deprive the owner of its use, could be charged with theft. "Unauthorized," therefore, becomes essential to a charge under subsection (a) in that it distinguishes the criminal circumstances under which control may be obtained or exerted from totally innocent circumstances. (See *People v. Stewart,* 3 Ill.App.3d 699, 701-02 (1971).) Our position is supported by the Committee Comments to section 16—1 which state, "Note in subsection (a) that such control must be 'unauthorized'."

In the instant case we believe the phrase "under such circumstances as

would reasonably induce him to believe the property was stolen" is sufficient to indicate that the conduct was indeed unauthorized. The statutory reference to subsection (d) would not, of itself vitiate the indictment. *People v. Adams,* 113 Ill.App.2d 276, 283-84 (1969).

By the use of the surplusage rule it can be said that there remains sufficient verbiage in the instant indictment to sustain a charge under subsection (a), but this does not alter the fact that defendant was not charged under that section. There are significant distinctions between the nature and elements of subsections (a) and (d). Under (a), the State is not required to plead or prove that a person other than defendant had stolen the property or that defendant knew at the time he received the property that it had been stolen. By definition, the charge under subsection (a) is a continuing offense. (See sections 15—7 and 15—8 of the Criminal Code, Ill. Rev. Stat. 1971, ch. 38, § 15—7 and § 15—8.) Consequently, a party who innocently comes into possession of stolen property and later learns that it was stolen, but, upon learning, continues possession, can be charged under subsection (a). Under (d), the State must plead and prove that the property was stolen by another and that at the time defendant received the property he knew or reasonably should have known that the property was stolen.

The record in the instant case reveals that both the State and defendant proceeded throughout the trial on the basis that the crime charged was section 16—1(d), receiving stolen property. In reliance on the verbiage of the indictment, defendant's primary defense was that at the time he received the property he did not know nor were the circumstances such that he should have known that the property had been stolen by another. Closing arguments by both parties and instructions to the jury all dealt with the crime of receiving stolen property as charged under subsection (d). Defendant had no notice or reason to prepare a defense against a charge under subsection (a).

■■ Having elected to indict and prosecute defendant under subsection (d), basic justice requires that the State be bound to plead and prove the elements of that charge. We adhere to the majority opinion which found the indictment fatally defective for failing to include an element essential under section 16—1(d): *i.e.,* that the property had been stolen by a person other than the one charged.

SEIDENFELD, J., concurs.

GUILD, P. J., adheres to his special concurrence.