(No. 47077.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. THOMAS DICKERSON, Appellee.

*Opinion filed November 17, 1975.*

CREBS, J., took no part.

William J. Scott, Attorney General, of Springfield, and Philip G. Reinhard, State's Attorney, of Rockford (James

B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and James W. Jerz and Edward N. Morris, of Illinois State's Attorneys Association, Statewide Appellate Assistance Service, of Elgin, of counsel), for the People.

Welsh, Holmstrom, Hyzer, Jacobson & Worden, of Rockford (Keith Hyzer and Curtis D. Worden, of counsel), for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Defendant was convicted of theft in the circuit court of Winnebago County. The appellate court reversed without remand on the ground that the indictment failed to charge an offense and was void. In a supplemental opinion after rehearing, the appellate court adhered to its original decision. (21 Ill. App. 3d 977.) We granted leave to appeal.

The statute in question (Ill. Rev. Stat. 1971, ch. 38, par. 16—1) reads:

> "A person commits theft when *he knowingly:*
>
> * * *
>
> (d) *Obtains control over stolen property* knowing the property to have been stolen by another or *under such circumstances as would reasonably induce him to believe that the property was stolen, and* ***." (Emphasis added.)

The indictment under which defendant was charged stated:

> "That on the 14th day of October, 1971, in the County of Winnebago and State of Illinois, one TOM DICKERSON committed the offense of Theft, in that he knowingly obtained control over stolen property; *** under such circumstances that would reasonably induce him to believe that the property was stolen and thereby intending to deprive the said Arctic Enterprises, Inc.; *** permanently of the use or benefit of said property, in violation of Paragraph 16—1(d), Chapter 38, Illinois Revised Stats."

It should be noted that the indictment contained only the italicized portion of the statute set out above and did not

specifically allege that the property had been stolen "by another." The issue is whether the omission of the words "by another" makes the indictment fatally defective for failing to allege all the elements of an offense. We find that it does not and consequently we reverse the appellate court.

The legislature has required that a "charge shall *** allege the commission of an offense by: *** setting forth the nature and elements of the offense charged; ***." (Ill. Rev. Stat. 1971, ch. 38, par. 111–3(a)(3).) Further, the charge must state "specifically the elements of the offense with sufficient particularity to apprise accused of the crime charged and to enable him to prepare his defense and permit a conviction or acquittal to be pleaded in bar of a subsequent prosecution for the same offense, ***." *People v. Grieco* (1970), 44 Ill.2d 407, 409, citing 42 C.J.S., Indictments and Informations, sec. 100, pp. 979-980.

In *People v. Patrick* (1967), 38 Ill.2d 255, 258, this court held that:

"An indictment which charges an offense in the language of the statute is deemed sufficient when the words of the statute so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged."

We find that the plain and ordinary meaning of the indictment is that defendant was being charged with obtaining control over property which had already been stolen by another. The words "by another" are necessarily implied, and no reasonable person would infer from the language of the indictment that he was being accused of stealing the property himself. If defendant was actually uncertain as to the specific charges against him, adequate discovery procedures exist to clear up the confusion and to assist him in preparing a defense. It should be noted that defendant did request a bill of particulars but did not raise

the issue of whether the property had been stolen "by another."

Subsection 16—1(d) is stated in the disjunctive and establishes two separate theories of theft under that subsection. In framing the second theory, the legislature chose not to include the words "by another." In this case it was not necessary for the State to go beyond the mere statutory language in framing an indictment, since the words "by another," if added, would be superfluous and redundant.

Justice Guild, in his specially concurring opinion, found that the evidence produced at trial was not sufficient to find the defendant guilty beyond a reasonable doubt. Since the majority of the appellate court did not reach this issue, and since this issue has not been briefed or argued before this court, we remand to the appellate court for their consideration of the issues they have not previously considered.

*Reversed and remanded,*
*with directions.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.