THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL C. WEISS, Defendant-Appellant.

(No. 74-120; ▮▮▮▮▮▮▮▮

Fifth District—January 2, 1976.

Paul Bradley and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, and John J. Lewis, Law Student, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro, (Bruce D. Irish and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the defendant, Paul C. Weiss, from a judgment of conviction entered by the circuit court of Jackson County on a jury's verdict of guilty to the charge of theft by possession of property valued at less than $150 and the fine of $125 imposed thereunder.

The first issue raised on appeal is whether the information brought against the defendant alleged with sufficient particularity all of the essential elements of the charge of theft by possession. While the defendant cites various cases for the general rule that an information must contain each essential element of an offense, his argument is based squarely upon the Second District's decision in *People v. Dickerson*, 21 Ill.App.3d 977, 316 N.E.2d 519. In *Dickerson* the defendant was charged with having "knowingly obtained control over stolen property" of another "under such circumstances that would reasonably induce him to believe property was stolen and thereby intending to deprive" the owner " '* * * permanently of the use or benefit of said property, in violation of Paragraph 16—1d, Chapter 38, * * *.' " (21 Ill.App.3d 977, 978.) The information returned in the instant case is virtually indistinguishable. Herein the defendant was charged with the same offense,

"* * * in that he did knowingly obtain control over certain stolen property of General Telephone Company of Illinois, a corporation, being one telephone, under such circumstances as would reasonably induce said defendant to believe the property was stolen and with intent to deprive General Telephone of Illinois permanently of the use and benefit of said property, the property having a value of less than $150, in violation of Illinois Revised Statutes, 1971, Ch. 38, sec. 16—1(d)."

The majority of the appellate court in *Dickerson* held the indictment before it void for the following reason:

"* * * the indictment, drawn upon the conclusional premise that the property was stolen, fails to allege that it was stolen by a person other than the one charged with receiving such property and, by this omission, creates the presumption that the possessor stole the property himself. Since one person cannot be both the thief and the receiver of stolen property * * * from himself, the fact that the property received was stolen by another is an essential element to be alleged and proved. [Citations.] Lacking this element, the indictment failed to charge the offense of

receiving stolen property under section 16—1(d)." (21 Ill.App.3d 977, 980.)

In its supplemental opinion, the majority of the appellate court concluded that while the State need not prove that a person other than the defendant had stolen the property to charge an offense under subsection (a) of section 16—1, "[u]nder (d), the State must plead and prove that the property was stolen by another * * *" (21 Ill.App.3d 977, 983).

■■ Recently, our Supreme Court reversed the appellate court by holding that "[t]he words 'by another' are necessarily implied, and no reasonable person would infer from the language of the indictment that he was being accused of stealing the property himself." (*People v. Dickerson*, 61 Ill.2d 580, 582, 338 N.E.2d 184.) The court continued by stating that,

> "Subsection 16—1(d) is stated in the disjunctive and establishes two separate theories of theft under that subsection. In framing the second theory, the legislature chose not to include the words 'by another.' In this case it was not necessary for the State to go beyond the mere statutory language in framing an indictment, since the words 'by another,' if added, would be superfluous and redundant." (61 Ill.2d 580, 583.)

We find the Supreme Court's decision in *Dickerson* dispositive of the first issue raised in the instant appeal.

The next issue raised on appeal is whether the State proved the defendant guilty beyond a reasonable doubt. The defendant contends that the State failed to prove that the property was stolen and that the defendant received the property under such circumstances as would reasonably induce him to believe the property was stolen. The defendant further contends that "he never intended to deprive anyone of its ownership."

The essential elements of the crime of theft by possession are: (1) that the property has, in fact, been stolen by a person other than the one charged with receiving it, (2) that the one charged with receiving it has actually received the property stolen or aided in concealing it, (3) that the receiver knew the property was stolen at the time of receiving it, and (4) that he received the property for his own gain or to prevent the owner from again possessing it. (Ill. Rev. Stat. 1971, ch. 38, par. 16—1(d); *People v. Stewart*, 20 Ill.2d 387, 169 N.E.2d 796; *People v. Dickerson*, 21 Ill.App.3d 977, 316 N.E.2d 519, 522, reversed on the grounds discussed earlier in this opinion.) *Proof* that the subject property was stolen by a person other than the defendant is an undispensable condition precedent for a conviction of theft based on receipt of stolen

goods. (*People v. Rosochacki*, 21 Ill.App.3d 477, 315 N.E.2d 633.) Also indispensable is possession and knowledge that the property was stolen (*People v. Baxa*, 50 Ill.2d 111, 277 N.E.2d 876); possession alone, even if exclusive, is insufficient to establish that the defendant knew that the property was stolen when he received it (*People v. Baxa*; *People v. Klapperich*, 370 Ill. 588, 592, 19 N.E.2d 579; *People v. Rubin*, 361 Ill. 311, 328, 197 N.E. 862). It was thus incumbent upon the State to prove that the telephone in question was, in fact, stolen *and* that the defendant knew that the telephone was stolen or received the telephone under such circumstances as would reasonably induce him to believe the telephone was stolen.

■■ While the State's evidence that the telephone was "stolen," to wit, that it was at one time the property of General Telephone, that to the best knowledge of an employee of General Telephone, General Telephone had not sold this model telephone nor was it authorized to sell telephones, may have been sufficient to make a *prima facie* case, it was insufficient to take the case to the jury once the defendant offered his uncontradicted explanation of its possession. Notwithstanding the fact that the jury, as the trier of fact, is to determine the credibility of the witnesses, the facts that General Telephone had no record of to whom the telephone was listed, that the telephone was not in service for the previous two years, that it was not possible to identify the owner (General Telephone) without turning the telephone upside down, and that the defense witnesses' testimony that this telephone had been found abandoned in an apartment and had remained there disconnected for the duration of the lease was uncontradicted, sufficiently explained the defendant's possession of the telephone to require the State to establish that such telephone was, in fact, "stolen," not merely abandoned or mislaid, and that the defendant knew the telephone was stolen or that he received the property under such circumstances as would reasonably induce him to believe the property was stolen. This the State failed to do. The fact that the property in question is a telephone does not require a different conclusion. As stated by our Supreme Court in *People v. Dougard*, 16 Ill.2d 603, 607, 158 N.E.2d 596:

> "While circumstantial evidence is legal evidence, yet to warrant a conviction on such evidence the facts proved must so thoroughly establish the guilt of the person accused as to exclude every reasonable hypothesis of innocence."

See also *People v. Mourning*, 27 Ill.App.3d 414, 327 N.E.2d 279.

Here much of the evidence presented by the defendant stands uncontradicted. In fact, the defendant's "explanation" of his possession of the telephone is the only version available. Material aspects of this "explana-

844

tion" are corroborated by the testimony of other defense witnesses. In view of these circumstances and the fact that this "explanation" is neither so improbable or unreasonable nor so incredible as to discount it as a reasonable hypothesis of innocence, the defendant's testimony may not be disregarded or rejected by the trier of fact. (See *People v. Jordan*, 4 Ill.2d 155, 122 N.E.2d 209, 213; *People v. Davis*, 27 Ill.App.3d 288, 326 N.E.2d 470, 472; *People v. Cortez*, 26 Ill.App.3d 829, 326 N.E.2d 232, 236; *People v. Liddell*, 32 Ill.App.3d 828, 336 N.E.2d 815, 817.) The record before this court is insufficient to support a verdict of guilty to the offense of theft by possession (Ill. Rev. Stat. 1971, ch. 38, par. 16—1(d)) and the judgment of conviction entered thereon must be reversed.

In view of our conclusion that the defendant's judgment of conviction must be reversed, we find it unnecessary to discuss the other issues defendant raises on appeal.

Reversed.

G. J. MORAN and JONES, JJ., concur.