THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KAREN PERKINS, Defendant-Appellant.

First District (3rd Division)   No. 82—162

Opinion filed May 25, 1983.

Patrick A. Tuite and David S. Mejia, both of Law Officers of Patrick A. Tuite, Ltd., of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Bruce A. Cardello, and Denise O'Malley, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Following a bench trial, defendant, Karen Perkins, was convicted of two counts of theft for receipt of stolen property (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(d)(1)), and sentenced to a term of one year of probation with the first 150 days to be served in the Cook County Department of Corrections. On appeal defendant contends that the State's evidence was not sufficient to prove her guilty beyond a reasonable doubt. We reverse.

Defendant was arrested on November 3, 1981, at approximately 1:30 p.m., while she was sitting in the driver's seat of an automobile which was stalled in the east lot of the South Holland Trust and Savings Bank. The key was in the ignition. At her side was a baby whom

she acknowledged was her child. At trial, police officer R. Johnson testified that he came to the scene in response to a call about a person "passing a bad check." He saw several bank officials standing around the car, observed defendant and the baby in the front of the car, and observed "clothing in the back floor of the car stacked up past the seat with tags on it." He noted that the tags were store price tags, and he asked defendant where the clothes came from. She responded that she did not know. The officer further testified that the clothing consisted of a black leather jacket, four dresses and a blouse. He asked defendant for identification, but she could not produce any. He then took her to the police station, and after reading the *Miranda* warnings to her, proceeded to question her. When he asked defendant whose car she was in, defendant said that the car belonged to her boyfriend, Jenkins. The officer confiscated the clothing and investigated some stolen checks involved in the matter. He then called two stores, Evans and Gantos, because their price tags were on the clothing.

On cross-examination, the officer said that the clothing was not in a bag, but was in view on the floor of the car. He further testified that he tried to learn the name of the lady who allegedly attempted to pass a bad check and who had fled the scene, but that defendant did not disclose her identity.

Police officer James Melby testified that he was with Officer Johnson and heard the conversation between Johnson and defendant. He corroborated Johnson's testimony, and further testified that when defendant was first asked to whom the merchandise belonged, she replied that she did not know. The second time she was asked, she said that the goods were in the car when she was picked up earlier in the day. The officer said that defendant gave different names of the party who picked her up. The officer admitted that he signed the complaints against defendant.

Paul Peltier testified that he was a corporate executive and store manager of Evans retail clothiers. When advised that the South Holland police had some merchandise with his store tags on it, he contacted the other Evans stores and learned through their computer system that a coat had been stolen from the Woodfield store. He went to the station and saw a black leather coat on which the store label was intact, indicating that it had not been sold. The coat had been put on sale in September or October 1981, but he did not know the specific date it was taken from the store.

Kim Legner testified that she worked for Gantos at the Woodfield Mall in Schaumburg. She stated that the store tags on five items of

the clothing merchandise were intact, indicating that they had not been sold. One of the dresses was on the store hanger and store hangers were never sold or given to a customer. She added that she did not know the precise date that the garments were taken.

Defendant contends that all the elements of theft by possession were not proved beyond a reasonable doubt. She points out that the evidence does not show that she received the clothing from another, or that she was in possession of the clothing knowing it to have been stolen by another. She also contends that the evidence fails to show that the merchandise was stolen and that it was the property of the Evans and Gantos stores.

■ Under section 16—1(d) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(d)), the State must plead and prove that the property was stolen by another and that at the time defendant received the property, she knew or reasonably should have known that the property was stolen. (*People v. Baxa* (1971), 50 Ill. 2d 111, 114-15, 277 N.E.2d 876, 878; *People v. Tribett* (1977), 54 Ill. App. 3d 777, 782, 370 N.E.2d 115, 118-19.) It is not enough for the prosecution merely to show that the property in question was stolen and that the defendant was in possession of that property. (*People v. Dickerson* (1974), 21 Ill. App. 3d 977, 981, 316 N.E.2d 519, 523 (Guild, J., specially concurring).) Proof that the subject property was stolen by a person other than the defendant is an indispensable condition precedent for a conviction of theft based on receipt of stolen goods. *People v. Weiss* (1976), 34 Ill. App. 3d 840, 842-43, 341 N.E.2d 79, 82.

■ Here, the evidence shows that defendant was in an automobile which did not belong to her, but in which there was clothing that had been stolen at an unspecified time. Officer Melby testified that defendant said the clothing was in the car when she entered it. Although the State's evidence indicates that the goods may have been stolen by another, it fails to show that defendant received the goods from that person knowing, or under conditions where she would have known, that the clothing was stolen, since the car was not hers or under her exclusive control. We therefore find that the evidence does not sustain a conviction for theft under section 16—1(d).

Accordingly, the judgment is reversed.

Reversed.

McNAMARA, P.J., and McGILLICUDDY, J., concur.