CHARLES EDWARD SHEPHERD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shepherd v. Commissioner
Docket No. 8526-73.
United States Tax Court
T.C. Memo 1976-48; 1976 Tax Ct. Memo LEXIS 348; 35 T.C.M. (CCH) 219; T.C.M. (RIA) 760048; February 26, 1976, Filed Charles Edward Shepherd, pro se. Steven S. Brown, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1972 in the amount of $1,910.22. Various issues have been conceded, with the result that only the following issues remain for our consideration: (1) Whether petitioner is entitled to deductions for expenses of an automobile used by petitioner in his business. (2) Whether petitioner is entitled to a deduction for moving expenses allegedly incurred in connection with a change in the location of petitioner's principal place of employment. (3) Whether petitioner is entitled to a deduction for medical expenses allegedly incurred by *351 petitioner as a result of bodily injury sustained by him. (4) Whether petitioner is entitled to a deduction for business expenses incurred in connection with a business venture that failed to materialize. (5) Whether petitioner is entitled to a deduction for travel expenses incurred in connection with a job interview. (6) Whether petitioner is entitled to a dependency exemption for a brother who resided with petitioner. (7) Whether petitioner is entitled to a deduction for the expenses of maintaining an office for petitioner in petitioner's home during the year in question. (8) Whether petitioner is entitled to a deduction for the expenses incurred in pursuit of a post-graduate level course of education. (9) Whether petitioner is entitled to a deduction for charitable contributions allegedly made to petitioner's father's church. (10) Whether petitioner is entitled to deductions for various miscellaneous expenses relating to expenses for the education of his brother and sister, work clothes, a space heater for his apartment, and fuel. (11) Whether petitioner is entitled to the benefits provided by income averaging for the taxable year in issue. FINDINGS OF FACT *352 Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioner, Charles F. Shepherd, is a single individual who resided in Evanston, Illinois at the time of the filing of his petition with this Court. For the calendar year 1972 he filed his individual Federal income tax return with the internal revenue service center, Kansas City, Missouri. During 1972 petitioner was employed by Cook County, Illinois, as a probation officer. He was also enrolled in a post-graduate level degree program in sociology at Northwestern University. In his statutory notice of deficiency, respondent disallowed a claimed dependency exemption, several business expense deductions, as well as various miscellaneous deductions relating to charitable, medical and educational expenses. We begin by noting that the issues involved herein are almost entirely factual. Under Rule 142, Tax Court Rules of Practice, the burden of proof is on the petitioner. Issue 1. Automobile Expenses
FACTS Petitioner owned and operated four different automobiles *353 at various times during 1972. A part of the total mileage put on these vehicles during the year was attributable to their use in connection with petitioner's employment as a probation officer. Petitioner was reimbursed by his employer at a rate of 8 cents per mile for the actual miles his vehicles were driven in connection with official business. Petitioner received approximately $35 per month as reimbursement. [1] We find that petitioner drove his vehicles approximately 5,250 miles per year in connection with his employment. On his 1972 return, petitioner claimed $7,971.59 in automobile maintenance and repair expenses as a business expense deduction under section 162. [2] Petitioner offered no proof to substantiate these claimed expenses. OPINION. Issue 1
Section 162 allows a taxpayer to claim as a deduction from gross income all ordinary and necessary expenditures paid or incurred in carrying on the taxpayer's trade or *354 business. The operating expenses of automobiles to the extent used in a trade or business qualify for the deduction. Section 1.162-1(a), Income Tax Regs.
The Commissioner has provided a simplified method of computing deductible costs of operating passenger automobiles where the total business-related miles driven is known. See Rev. Proc. 70-25, 1970-2 C.B. 506. That procedure provides that for the taxable year 1972 the deduction will be accepted by the Commissioner if computed at a standard rate of 12 cents per mile for the first 15,000 miles driven in connection with business. In our judgment, Rev. Proc. 70-25 provides a proper means of computing the amount of the deduction which should be allowed a taxpayer who operates his automobile in connection with business, yet fails to maintain accurate records of the actual expenses incurred in that regard. We therefore hold that petitioner is entitled to claim $210 as the aggregate deductible expense of operating his automobiles for business purposes. This amount represents the difference between the amount petitioner received as reimbursement from his employer and the amount which he *355 was entitled to claim as a deduction computed according to the standard mileage rate of Rev. Proc. 70-25, in effect in 1972. Issue 2. Moving Expense
FACTS In July 1972, petitioner left his parents' home where he had been residing, and moved to the apartment of a friend. In September 1972 petitioner was assigned a new function within the probation department. The new assignment entailed a change in the location of petitioner's principal place of employment. Petitioner's parents' house was approximately 5 miles from his former place of employment. It was approximately 15 miles from his new place of employment. OPINION. Issue 2
Section 217 allows a deduction from gross income for moving expenses incurred by a taxpayer during the taxable year in connection with the commencement of work as an employee at a new principal place of employment. However, no deduction is allowed unless the taxpayer's new principal place of work is at least 50 miles farther from his former residence than was his former principal place of work. Section 217(c)(1)(A). It is perfectly clear, *356 and petitioner himself conceded at trial, that the move in question does not meet the 50 mile test. We therefore hold that respondent did not err in disallowing the claimed moving expense deduction. Issue 3. Medical Expense
FACTS Sometime in 1972 petitioner sustained a personal injury which required medical treatment. Due to the injury he was unable to work for 2 weeks. On his 1972 return petitioner claimed a medical expense deduction under section 213 in the amount of $200 for lost wages and $441 for medical services rendered. OPINION. Issue 3
Section 213 permits a deduction of payments for certain medical expenses actually paid during the taxable year. Such medical expenses are deductible only to the extent they exceed 3 percent of the taxpayer's adjusted gross income for the taxable year. If medical expenses are incurred but not paid during the taxable year, no deduction for such expenses will be allowed for such year. Section 1.213-1(a)(1), Income Tax Regs.
Petitioner recognizes that he is not entitled to claim a medical expense deduction *357 for lost wages. He offered little evidence to substantiate the amount of medical expenses incurred. Additionally, petitioner was uncertain as to what portion of the medical expenses incurred was actually paid by him in 1972. It is our judgment that petitioner has failed to establish that he has paid medical expenses in 1972 that would have exceeded the 3 percent floor provided by section 213. It follows that respondent did not err in disallowing the claimed medical expense deduction in full. Issue 4. Business Loss
FACTS Sometime in 1972, petitioner and an acquaintance agreed that the acquaintance would provide petitioner with a supply of Shaklee Home Products for an agreed fee. After the fee was paid by petitioner, the acquaintance disappeared. Needless to say, petitioner never received the products he purchased. The acquaintance never intended to deliver the products ordered. On his 1972 return petitioner claimed a business loss deduction under section 165(c)(2) in the amount of $122 for the money lost when the acquaintance disappeared. In the stipulation of facts, and at the trial, petitioner claimed he sustained a $149 loss on the transaction. This discrepancy is not *358 explained in the record. Petitioner offered no independent evidence to substantiate the amount of the claimed business loss. OPINION. Issue 4
Section 165(c)(2) allows a deduction for losses incurred in any transaction entered into for profit. On a careful review of the record, we are of the opinion that the evidence was not sufficient to support a finding that petitioner entered into a transaction for profit with the acquaintance. It follows that a deduction for business losses under section 165(c)(2) cannot be sustained. It is our judgment that petitioner is more appropriately entitled to a deduction for losses arising from theft under section 162(c)(3). We are satisfied that the evidence is sufficient to find as fact that petitioner's acquaintance never intended to deliver the products petitioner purchased. Rather, he obtained the money from petitioner under false pretenses with the clear intent to defraud. We note that whether a loss arises from theft depends upon the law of the jurisdiction *359 where the loss was sustained. Edwards v. Bromberg,232 F. 2d 107 (5th Cir. 1956); Robert S. Gerstell,46 T.C. 161 (1966). The obtaining of money with the intent to defraud is comprehended within the definition of "theft" found in chapter 38, sec. 16-1, Ill. Rev. Stats. [3] Under this section, the essential elements of theft are only that the defendant knowingly obtained or exerted unauthorized control over the property of the owner and that he intended to deprive the owner permanently of its use or benefit. People v. Dickerson,21 Ill. App. 3d 977, 316 N.E.2d 519 (1974). On a careful review of the record, we are convinced that the elements of the crime of theft have been established. *360 Section 165(c)(3) limits the amount of a theft loss deduction to the amount of the loss which exceeds $100. We find that the amount of the loss was $122, and that petitioner is therefore entitled to a theft loss deduction in the amount of $22. Issue 5. Travel Expenses
FACTS On his 1972 return, petitioner claimed a business expense deduction under section 162 in the amount of $372 for travel and lodging expenses incurred in connection with a business trip made in search of a better employment opportunity. Petitioner offered no independent evidence to substantiate the amounts claimed. OPINION. Issue 5
It is not necessary to our determination of this issue to reach the question of whether any travel and lodging expenses that might have been incurred are deductible under section 162. We find that petitioner's uncorroborated testimony on this issue was so vague and indefinite, that it will not support a finding that such a trip was ever made or that the claimed expenses were in fact incurred. It follows that petitioner has not carried his burden of proof with respect to this issue, *361 and respondent's determination is upheld. Issue 6. Dependency Exemption
FACTS Petitioner claimed a dependency exemption on his 1972 return for petitioner's brother, Robert Shepherd, Jr. (hereinafter Robert). Robert was incarcerated in a state prison during the first three months of 1972 and until he was released sometime in March of that year. He then resided with petitioner at their parents' house until he and petitioner moved to petitioner's apartment in July or August, 1972. Robert resided with petitioner until December 1972 when he was reincarcerated in the state prison. On several occasions during the period of Robert's release from the state prison it was necessary to restrict his freedom by detaining him in Cook County Jail for unspecified periods of time. Robert also held various jobs during this period. OPINION. Issue 6
In computing taxable income, section 151 allows an individual to claim a deduction for a personal exemption for a dependent as defined in section 152. Section 152 defines a brother as a dependent if the taxpayer provides over one-half of his brother's *362 support during the taxable year, and his brother did not have gross income during the taxable year in excess of $750. Petitioner testified that he did not know the total amount of support Robert received during the year, or the amount of wages Robert earned from the various jobs he held. Additionally, petitioner could not indicate with any specificity the amount of support he rendered his brother during the taxable year. In light of the evidence as to the length of time Robert spent in correctional institutions during 1972, the length of time he spent living with his parents, and the fact that he was receiving wages during at least part of the time he was released, and the general nature of petitioner's testimony on this issue, he has failed to carry his burden of proving that he provided over one-half of his brother's support for the year. We therefore hold that respondent did not err when he disallowed the claimed dependency exemption. Issue 7. Home Office Expense
FACTS Petitioner claimed in his petition that he was entitled to deduct as a business expense an unspecified portion of his monthly apartment rent and utilities expense on the ground that one room therein was *363 used by petitioner in connection with his employment as a probation officer. Petitioner did not claim such a deduction on his 1972 return. During the latter half of 1972 petitioner rented and occupied a five-room apartment. The living room contained a large table and several boxes for storing files. Petitioner was not required by his employer to maintain an office in his home nor to work at home on probation-related matters. Petitioner was provided an office and desk at his place of work by his employer. However, because petitioner worked primarily with juvenile clients who would attend school during the day, he was required to spend some evenings contacting his clients by telephone, or meeting with the parents and the client at the home of the client. Petitioner was accustomed to making telephone calls to clients during the evening from his apartment, rather than from his office. Also, he would occasionally bring files home from the office in order to update the material they contained. Petitioner did this work at his living room table. In addition to his duties as a probation officer, petitioner was enrolled as a graduate student pursuing a doctoral degree in sociology at Northwestern *364 University. His course work was unrelated to his employment as a probation officer. Petitioner occasionally used his living room table as a place of study. Petitioner paid $145 each month for rent. He paid approximately $10.50 per month for telephone service and $4 per month for electricity. Petitioner occupied his apartment for approximately six months during 1972. OPINION. Issue 7
Petitioner contends that he is entitled to deduct a part of the cost of his apartment and telephone service as an ordinary and necessary business expense under section 162(a) because he maintains an office in his home where he occasionally does work related to his job with the probation department. Respondent asserts that such expenses are personal and nondeductible under section 262. The test to be used in determining the deductibility of home office expenses is whether, like any other business expense, the maintenance of an office in the home is appropriate and helpful under the circumstances or simply serves the personal convenience of the taxpayer. Newi v. Commissioner,432 F. 2d 998 (2d Cir. 1970), *365 affg. a Memorandum Opinion of this Court. Petitioner has established that the nature of his work required him to use his personal telephone at night to contact clients otherwise unavailable during the day. That portion of the expense of maintaining a telephone at home which is incurred as an ordinary and necessary business expense is clearly deductible under section 162. Louis M. Roth,17 T.C. 1450 (1952). Petitioner testified at trial that approximately 75 percent of his calls were attributable to business necessity. We find this to be a reasonable estimate and hold that petitioner is entitled to a business expense deduction for 75 percent of the cost of maintaining a telephone at petitioner's residence. However, we are of the opinion that petitioner has failed to prove by any of the evidence that the occasional use of a table and a few boxes in one room of his apartment in connection with his business of being a probation officer amounted to anything more than merely incidental use motivated by considerations of personal convenience. We have been left to speculate as to the actual hours spent working in the home office on probation-related matters. The estimation *366 of the total expenses incurred in operating the apartment and the portion of such expenses that might be allocable to any business use of the apartment were tasks also left to the Court. Furthermore, petitioner testified that at least part of the probation-oriented work he did at home involved the preparation of schedules of probation activity so as not to conflict with petitioner's personal activities. His testimony on this point is vague. Under all the circumstances herein, we must conclude that the motivation behind petitioner's use of his apartment was personal convenience and nothing more. We therefore hold that petitioner has not met his burden of proof and is not entitled to the claimed deduction for office expenses. Issue 8. Educational Expenses
FACTS Petitioner was enrolled as a full-time graduate student in sociology during the fall quarter of 1972 at Northwestern University. He was also employed as a probation officer during this period. Petitioner's employer did not require petitioner to enroll in graduate level sociology courses, and did not reimburse petitioner for the tuition or other expenses incurred by him as a result of enrolling in the program. Petitioner *367 had no specific reasons for enrolling in the graduate program, but he would be qualified to teach college level courses upon completion of that program. On his 1972 return petitioner deducted an aggregate of $552 for various educational expenses excluding tuition. At trial petitioner alleged that he was entitled to an additional $865 educational expense deductions for tuition paid to Northwestern during the fall quarter of 1972. OPINION. Issue 8
Petitioner contends that he is entitled to deduct the cost of his educational expenses as a business expense under section 162(a). Respondent argues that the expenses incurred are personal and nondeductible. The educational expenses incurred by petitioner are nondeductible. Except in the most incidental way, they do not appear to have been undertaken to maintain or improve skills required by petitioner's employment, or to meet the express requirements of his employer or applicable regulations as required by section 1.162-5(a)(1) and (2), Income Tax Regs. Petitioner was enrolled in a program leading to a Ph.D. and ultimately received a *368 master's degree. At one point, he pursued his studies in sociology on a full time basis. On the basis of the record before us, we believe petitioner desired to pursue a career in sociology, and that the expenses involved, while of some incidental benefit to his employment, were largely personal. See Sec. 1.162-5(b)(3), Income Tax Regs. Respondent's disallowance of the claimed deductions for educational expenses is therefore sustained. Cf. Eugene G. Feistman,63 T.C. 129 (1974), Patrick L. O'Donnell,62 T.C. 781 (1974). Issue 9. Charitable Contributions
FACTS In 1972 petitioner's father, Robert L. Shepherd, was pastor of the Rock of Ages Church of God in Christ in Chicago, Illinois. During 1972 petitioner wrote checks totaling $161.50 payable to Robert Shepherd in his individual capacity. Additionally, petitioner wrote at least $475 worth of checks made payable to "Cash" during 1972. Petitioner claimed a charitable contributions deduction of $520 on his 1972 return. OPINION. Issue 9
Section 170 provides generally *369 that any charitable contribution made by an individual to or for the use of a religious organization will be allowed as a deduction from gross income. There are numerous statutory qualifications of this rule not pertinent here. We are satisfied by the evidence presented that petitioner in fact made contributions to a qualified religious organization. However, we must note that petitioner could not substantiate with documentary evidence that any portion of the $475 worth of checks made payable to "Cash" was actually contributed to the Rock of Ages Church as petitioner claims. Due to this uncertainty, the case calls for the application of the Cohan rule. [4] We find that petitioner made deductible charitable contributions in 1972 in the aggregate amount of $161.50 in addition to the $26 respondent has conceded petitioner contributed to the United Fund. Cf. Anthony Mennuto,56 T.C. 910 (1971). *370 Issue 10. Miscellaneous Expenses
Petitioner also claimed miscellaneous deductions for work clothing expenses; for amounts contributed to his brother's education and to his sister's education; for a space heater for his apartment, and for fuel. Petitioner conceded that he wore ordinary business suits at work, attire worn also in his personal life. This expense, along with the other miscellaneous expenses claimed, are disallowed as personal expenses and also for lack of substantiation. Due to various concessions made by the parties, Decision will be entered under Rule 155.
Footnotes
1. Petitioner never included in income the amount received as reimbursement. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
3. SEC. 16-1. THEFT A person commits theft when he knowingly: (a) Obtains or exerts unauthorized control over property of the owner; or (b) Obtains by deception control over property of the owner; or (c) Obtains by threat control over property of the owner; or (d) Obtains control over stolen property knowing the property to have been stolen by another or under such circumstances as would reasonably induce him to believe that the property was stolen, and (1) Intends to deprive the owner permanently of the use or benefit of the property; or (2) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or (3) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit. * * *
Laws 1961, p. 1983, sec. 16-1, eff. Jan. 1, 1962, amended by Laws 1967, p. 1802, sec. 1, eff. July 20, 1967. [Ill. Ann. Stat. ch. 38, sec. 16-1 (Smith-Hurd 1970)].↩
4. Cohan v. Commissioner,39 F.2d 540, 544↩ (2nd Cir. 1930) announced the rule that where the evidence is sufficient to show that some expenses were incurred by the taxpayer, although no records were kept, the Court should make as close an approximation as is possible, bearing heavily upon the taxpayer whose inexactitude is of his own making.